UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON-SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

v.

DAVID ROUTE,

          Defendant.

No. CR17-302 RSM

DEFENDANT'S SENTENCING MEMORANDUM AND MOTION TO DEPART FROM GUIDELINES

## I. INTRODUCTION.

David Route, by and through his attorney, submits this Sentencing Memorandum for his conviction by guilty plea to Felon in Possession of a Firearm.

The defense is moving the Court to depart downward from the arguably applicable sentencing guidelines range, and asking that the Court impose a sentence of 60 months imprisonment. The defense believes that sentence is within the applicable sentencing guidelines range. Mr. Route has been in custody since July 3, 2017.

The requested sentence is supported by Mr. Route's individual circumstances and history. This includes his mental health diagnoses, Post-Traumatic Stress Disorder and Depression. Mr. Route has also demonstrated in the past 9 months that he is committed to

DEFENDANT'S SENTENCING
MEMORANDUM - 1

**KRADEL DEFENSE PLLC**
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

utilizing the tools and programs available during incarceration to better equip himself for a future outside of prison. For the Court's consideration are the following materials:

Appendix A – Letter from Mr. Route to the Court;

Appendix B – Letters from Mr. Route's brother and a friend; additional letters should be provided prior to sentencing;

Appendix C – A BOP Work Performance Evaluation for Mr. Route's job at FDC;

Appendix D – Certificates for Mr. Route's completion of multiple modules of "Turning Point" program offered to inmates;

Appendix E – Certificate and journal entries for "21 day Days of Gratitude" Challenge;

Appendix F – Psychological evaluation (filed under seal separately)

## II. PERSONAL HISTORY.

David Route is 33 years old. He is a native of Seattle, and has spent his entire life living in Seattle, or incarcerated. He has two older siblings, and three younger siblings. His oldest sibling, Cedric Brooks, has written a letter to the Court. Mr. Brooks is not in prison, and has not been for quite some time. He is working at Grease Monkey and residing in the community.

David's life growing up was not stable, with his father, David Route, drifting in and out of David's life, as drug addiction kept him from being a role model or steadying influence. David's mother, Martha Brooks, was the only real consistent source of support and encouragement. But she too struggled with alcoholism and compulsive gambling. Ms.

DEFENDANT'S SENTENCING
MEMORANDUM - 2

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

Brooks died in 2012 while Mr. Route was in prison. His mother's death, and his separation from her at the time, was devastating to David.

Mr. Route has a daughter with Darlynn Miles, and has been involved in his child's life. He missed much of her early childhood due to imprisonment.

Mr. Route struggled in school due to learning disabilities, and what one evaluator saw as likely undiagnosed ADHD. His unstable home life left David unsupervised for much of his childhood, and he eventually came under the influence of criminal actors who offered the support and belonging that was missing at home. His criminal history, which starts at age 13, is reflective of someone who is taking their cues from role models who sell drugs on the street. It reflects a young person who was not psychologically or intellectually equipped for success in school, and who slipped away from the stabilizing influences of school and organized sports. A series of drug-related arrests and short stints in jail and prison culminated with his federal prosecution and conviction in 2009, when he was still just 22 years old.

### III. THE GOVERNMENT and PROBATION RECOMMENDATIONs

The Government is recommending that the Court impose a sentence of ten years. United States Probation is recommending a sentence of just over 9 years. Both recommendations, justifiably, look to Mr. Route's criminal history and conduct as justification for sentences either above the applicable guideline range, or at the very high end. They are sentencing recommendations focused on removing Mr. Route from society, with much less consideration of his recent conduct, and the signs that Mr. Route is not a lost cause.

### IV. GUIDELINE CALCULATION

The defense agrees with portions of both the Government and U.S. Probation's

DEFENDANT'S SENTENCING
MEMORANDUM - 3

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

Guideline calculations. The defense agrees the Base Offense Level should 20, as found by U.S. Probation. The defense likewise agrees that Mr. Route receives a 2 point increase because the firearm was stolen.

The defense does not agree with the application of Guidelines section 2K2.1(b)(6)(B) to the facts in this case. This case presents a unique factual setting – there is no evidence of Mr. Route selling or distributing drugs to anyone. Instead, Mr. Route was working a legitimate job and, while engaged in that job, had an interaction with another African-American man that drew the attention of a citizen who decided to summon law enforcement. That interaction was solely in relation to a handgun, not drugs. While the firearm found in Mr. Route's tow truck was in the same car as the marijuana and recreational drugs, there is no nexus or relationship between the drugs, and any felony possession of those drugs, and the firearm.

That defense therefore contends the Court should find a total offense level of 22. Mr. Route's letter to the Court and his guilty plea should result in a 3 point reduction for Acceptance of Responsibility. That leaves a total offense level of 19. The defense agrees the Criminal History Level is V. Which results in an applicable Guideline range of 57-71 months.

V. **BASIS FOR REQUESTED SENTENCE**

A. **Mr. Route is Not a Lost Cause.**

This is not a case where promises of change or a deep dive into the ineffectiveness of long-term incarceration need to be pushed in front of the Court. Your Honor has had Mr. Route before you previously, and are as familiar with him as any of the other participants, be that the Government, U.S. Probation, or undersigned counsel. But this is a case where

DEFENDANT'S SENTENCING
MEMORANDUM - 4

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

looking for signs of change, and of progress, can bring optimism for Mr. Route's future. And a pathway that does not have to involve overly lengthy incarceration.

With this memorandum the defendant is presenting his letter to the Court, and documentation of the hard work towards change he has put in during his time at the FDC. Staff notes show their impression – "Has really turned around"; "Keeps cohesion within the orderlies and the unit"; and "I've noticed a big change in you!". Words not of some family or friend, attempting to persuade a judge to give less time. No, these are the words of professionals who work every day with inmates, and can differentiate between manipulation, and real change.

Mr. Route understands that he has placed himself in a position where a judge would be justified in imposing a sentence like that requested by the Government and Probation. And while his letter to the Court demonstrates insight, and commitment to change, it is actions, not words, that demonstrate that his commitment is genuine, and his potential to be a productive member of society is real as well. The materials showing the work he has done while incarcerated are reflective of someone who is doing the hard work needed to change.

Mr. Route is someone who suffers from genuine mental health conditions. Some likely he had since birth, and others, like Post-traumatic Stress Disorder, have been the result of being the victim of a violent crime, and seeing a friend killed in that same incident. His chemical dependency is clear, and not surprising given that both of his parents are or were addicts. His personal history, and mental health make-up, are such that his evolution and growth into a productive, law-abiding citizen was always going to be a long term project. His conduct after his last imprisonment provides a good view of the dichotomy he presents.

DEFENDANT'S SENTENCING
MEMORANDUM - 5

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

Mr. Route availed himself of schooling and programming in the community while on supervised release. That is how he secured good employment as a tow truck driver. But at the same time he accesses opportunity, his life experience and mental conditions convince him that danger remains close at hand, and the rules of law bend to the rules of the street. Given his criminal history, and intellectual limitations, his success in maintaining employment and becoming a trusted employee were really remarkable. It provides an indication that Mr. Route has redeemable qualities that will serve him well in the future.

It is this positive and responsible David Route who has emerged again in the past months at the FDC. The incident involving the possession of a weapon back in February is a clear example of Mr. Route allowing his fears and insecurities, both real and imagined, to motivate his conduct. The question in this sentencing is what is the most effective sentence to foster the positive momentum Mr. Route has generated.

Mr. Route is still a young man. There is no sentence that could be imposed in this case which would keep in prison for life. So what is to be gained by the Government's 10 year recommendation, that would not be achieved through a shorter sentence? The answer is nothing. And what could be lost? That is nearly incalculable.

The Government argues that Mr. Route has been given opportunities to change his conduct, and avoid subjecting himself to criminal sanctions. That is an obvious truth. But just as obvious is that Mr. Route came of age in an environment where criminal activity was not just a norm, it was woven into the very fabric of his existence.

There are many stories and anecdotes of individuals who live in that same environment, and overcome it to achieve great things, and avoid criminal conduct. But those stories are exceptional for a reason – it is far more common, and more consistent with the

DEFENDANT'S SENTENCING
MEMORANDUM - 6

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

human condition, to adopt the ways of family members and peer groups. For someone who struggles in school because of intellectual limitations, as Mr. Route did, the chances for change and success become even more limited. But he has demonstrated that when he works hard, and commits himself to change and succeed, he can do it. That he has failed on previous attempts speaks to the difficulty of the task, not some irreversible failure on his part.

The defense is asking the Court to impose a punitive sentence – five years in prison is a long time. But the defense is asking for something less punitive than the Government and probation because there is somewhere in a criminal sentence being served where growth and change lose momentum. Hopelessness takes over, and the surrender to anti-social and illegal activities becomes easier than continuing to work.

**B. The Defense Request is Consistent With Similar Cases.**

The sentence requested by the defense is consistent with sentences imposed in this district in cases involving unlawful possession of a firearm. Attached as Appendix F are recent cases in this district, where the conduct of the defendants were arguably much worse than what Mr. Route has done in this case.

While it is a small positive for Mr. Route, it is also true that his conduct was not violent, and was not part of some larger criminal enterprise. It was on the one hand an effort to do a favor for a friend, and on the other a reflection of a continued reliance on the rules of the street, rather than the rules of the law. The totality of the circumstances in the case support imposition of a five year sentence.

/

//

///

KRADEL DEFENSE PLLC
1001 4th Ave., Suite 4050
Seattle, Washington 98154
jeff@kradeldefense.com

### VI. CONCLUSION

The defendant respectfully requests that the Court impose a sentence of 18 months imprisonment.

DATED this 4th day of November, 2018.

Respectfully submitted,

s/Jeffrey L. Kradel
WSBA No. 26767
Attorney for David Route

1001 4th Ave., Suite 4050
Seattle WA 98154

206/397-3102 voice

206/922-5547 facsimile

jeff@kradeldefense.com

### CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Carl Colasurdo

/s Jeffrey Kradel