UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  v.<br><br>DAVID ROUTE,<br><br>                Defendant. | CASE NO. CR17-302-RSM<br><br>ORDER STAYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |

## I.  INTRODUCTION

This matter comes before the Court on Defendant David Route's Emergency Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #78. Plaintiff United States of America ("the Government") opposes the motion. Dkt. #82. The Court finds oral argument unnecessary to rule on this motion. Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court STAYS Mr. Route's motion for compassionate release.

## II.  BACKGROUND

Mr. Route is a 32-year-old inmate confined at Federal Correctional Institute, Herlong ("FCI Herlong"). Between 2007 and 2008, Defendant was convicted in King County Superior Court of three drug-related felony crimes. On March 27, 2009, Defendant was arrested after he discarded

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 1

a loaded firearm while running from Seattle police. This Court sentenced him to five years of imprisonment and three years of supervised release on March 26, 2010.

On February 5, 2016, while on supervised release, Mr. Route's probation officer filed a Violation Report and Warrant Request for violations of his supervised release conditions, including violation of a no-contact order. The Court sentenced Defendant to 10 months' custody and one year of supervised release for the violations. On July 3, 2017, during his supervised release, Mr. Route was arrested for unlawful possession of two firearms, including one sold to another felon. The Government charged Defendant with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and on January 12, 2018, Mr. Route pleaded guilty. Dkt. #40. On December 11, 2018, the Court sentenced Defendant to 96 months in custody to run concurrently with 24 months in custody for violations of supervised release conditions, *see* CR09-356-RSM, with three years of supervised release to follow. Dkt. #61. Mr. Route's projected release date is July 28, 2024. Dkt. #79 at ¶ 7.

On April 7, 2020, Mr. Route filed a BP-9 application with the Bureau of Prisons ("BOP") staff for a reduction in his sentence in light of the COVID-19 health crisis. Dkt. #79 at 4-5. On April 16, 2020, Mr. Route moved this Court to grant him compassionate early release to supervised release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #78. At the time of filing the instant motion, BOP had not responded to Mr. Route's April 7 request. Dkt. #79 at ¶ 3. As of April 29, 2020, no inmates or staff at FCI Herlong have tested positive for COVID-19. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/index.jsp (last visited April 29, 2020).

//

//

//

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 2

### III. DISCUSSION

**A. Legal Standards**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request;

(2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

Mr. Route argues that he is entitled to compassionate release based on the general seriousness of the COVID-19 pandemic, his prison record, and his release plan, which includes residential placement with his sister, support from extended family, and ability to return to prior employment. Dkt. #78 at 11. The Government maintains that Mr. Route has not exhausted the administrative prerequisites for his Section 3582(c)(1) motion, nor has he presented extraordinary and compelling reasons warranting a sentencing reduction or shown that he poses no danger to others or to the community. Dkt. #82 at 5-21.

**B. Exhaustion of Administrative Remedies**

Mr. Route has failed to comply with the exhaustion requirements in 18 U.S.C. § 3582(c)(1). Mr. Route emailed a request for compassionate release to BOP on April 7, 2020 and filed this motion on April 16, 2020. *See* Dkt. #78. At the time Mr. Route moved for compassionate release under 18 U.S.C. § 3582(c)(1), BOP had not responded to his request. Dkt. #79 at ¶ 3. Thus, Mr. Route has not exhausted his administrative remedies or waited for a response from BOP for 30 days as required by § 3852(c)(1)(A). Indeed, Mr. Route's motion acknowledges that he has not complied with the statutory requirements for filing this action. *See* Dkt. #78 at 5 ("[A]ny failure to exhaust administrative remedies should be excused.").

Mr. Route argues that the urgency created by the COVID-19 health crisis allows courts to create an exception to the exhaustion requirements under Section 3582(c)(1)(A)(i). However, Mr. Route fails to cite any binding Ninth Circuit or Supreme Court case law providing the court with authority to create judicial exceptions to the exhaustion requirement under Section

3582(c)(1)(A)(i) in light of the COVID-19 health crisis. *See* Dkt. #78 at 10-11. On the contrary, this Court and others in the Ninth Circuit have reached the opposite conclusion, finding that the urgency created by COVID-19 does not extinguish the 30-day exhaustion requirement:

> [T]his court and other district courts in the Ninth Circuit who have considered this exact issue—whether district courts may create an exception to § 3582(c)(1)(A)(i)'s 30-day exhaustion requirement on the basis of the COVID-19 pandemic—have near unanimously concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19.

*United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020)."). *See also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *7 (D. Or. Apr. 6, 2020) ("[T]he Court concludes it may only exercise that authority within the strictures of the statute that grants it, and, as noted, [18 U.S.C. § 3582(c)(1)(A)] does not grant this Court the authority to consider whether to reduce Defendant's sentence until the exhaustion criteria of the [First Step Act] have been met."); *United States v. Young*, No. CR14-5242RJB, 2020 WL 1673043, at *2 (W.D. Wash. Apr. 6, 2020) (concluding that defendant was not entitled to compassionate release where defendant "did not exhaust his administrative remedies"); *United States v. Schuett*, No. 214-CR-00364-JAD-GWF, 2020 WL 1677080, at *1 n.7 (D. Nev. Apr. 6, 2020) ("Although the COVID-19 crisis may be a consideration for compassionate release, particularly in light of Schuett's documented medical challenges, he has not demonstrated that he has exhausted his administrative rights for such a release with the BOP."); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) ("The Court's hands are bound by the statute . . . . [A]bsent congressional action to relieve inmates of the exhaustion requirement, the Court is unable to provide the relief Defendant seeks."); *United States v. Garza*, No. 18-CR-1745-BAS, 2020 WL 1485782, at *2 (S.D. Cal. Mar. 27, 2020) (denying motion for compassionate release based on failure to exhaust administrative remedies and noting

that "issues such as Mr. Garza's medical condition, the conditions and resources at Terminal Island (including the availability of testing and treatment), and decisions as to which prisoners should be released because of the COVID-19 epidemic are better left to [BOP] and its institutional expertise"); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i).").

Mr. Route relies on one in-circuit case where the court considered a motion for compassionate release during the COVID-19 crisis despite the defendant's failure to strictly comply with the 30-day waiting period under Section 3582(c)(1)(A). *See United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 WL 1536155, at *1 (E.D. Wash. Mar. 31, 2020). However, this Court recently distinguished *Gonzalez* because that defendant had "effectively exhausted her administrative remedies" in light of BOP's response to her compassionate release petition. *See Fuller*, 2020 WL 1847751, at *2 ("In [*Gonzalez*], however, the court found that the defendant had 'effectively exhausted her administrative remedies' based on the fact that she had petitioned the BOP and been directly informed by BOP that 'she does not have any other administrative path or remedies she can pursue.'"); *see also United States v. Allison*, No. CR16-5207RBL, 2020 WL 1904047, at *2 (W.D. Wash. Apr. 17, 2020) (same). Here, as in *Fuller* and *Allison*, Defendant filed his motion for compassionate release without receiving any response from BOP to his petition. *See* Dkt. #79 at ¶ 3 ("As of the time of filing, I have received no response to my BP-9 email request for compassionate release. As far as I am aware, Mr. Route has not received any response to this request."). For this reason, *Gonzalez* is inapplicable here.

The remaining in-circuit cases that Mr. Route relies upon do not address the requirements for exhaustion of administrative remedies under Section 3582(c)(1)(A) in light of the COVID-19

crisis.  *See, e.g., United States v. McPherson*, No. CR94-5708RJB (W.D. Wa. Apr. 14, 2020) (granting compassionate release after finding the defendant had "exhausted all administrative prerequisites to his motion"); *Kelly v. Daniels,* 469 F. Supp. 2d 903, 904 (D. Or. 2007) (considering federal prisoner's habeas petition for Bureau of Prisons' miscalculation of good conduct time); *Merth v. Puentes*, 2019 U.S. Dist. LEXIS 114799, (E.D. Ca. July 10, 2019) (waiving administrative exhaustion of FSA's good time credits provision); *U.S. v. Trujillo*, 713 F.3d 1003, 1005 (9th Cir. 2013) (addressing motion for reduction of sentence under Section 3582(c)(2)); *Thody v. Swain*, 2019 U.S. Dist. LEXIS 226582, (C.D. Ca. Nov. 26, 2019) (citing *Fraley v. United States Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993)) (rejecting petitioner's argument that exhaustion of administrative remedies was futile).  The Court therefore finds these cases inapposite here.

Finally, Defendant argues that he has effectively exhausted his administrative remedies because BOP refused to relay his request for compassionate release to the warden or to record it. Dkt. #84 at 2.  Defendant bases this argument on the Government's response, which states that "[D]efendant has not filed a request for compassionate release with the warden at the FCI Herlong, much less exhausted the available administrative remedies of any denial of the request. Nor does the Bureau of Prisons have a record of such a request." Dkt. #82 at 5.  At the same time, however, Defendant concedes that BOP received and forwarded his request and provides evidentiary support of his BP-9 email request.  *See* Dkt. #84 at 2 ("BOP acknowledged Mr. Route's request, which was directed to the warden."); *see also* Dkt. #79 at 4-5.  Based on these facts, the Court finds the Government's unsupported assertion an improper basis to conclude that Mr. Route has effectively exhausted his administrative remedies.  *Cf. Gonzalez*, 2020 WL 1536155, at *1.

For these reasons, the Court finds no reasonable basis to diverge from the decisions by this Court and others in the Ninth Circuit that the COVID-19 health crisis, on its own, does not extinguish the 30-day exhaustion requirement under Section 3582(c)(1)(A). Because Mr. Route has filed this motion on his own behalf before exhausting his administrative remedies or providing BOP with 30 days to respond to his request, the court lacks authority to consider his motion for compassionate release. Accordingly, the Court may not consider Mr. Route's motion before he complies with the exhaustion requirements of § 3582(c)(1)(A).

### C. Request for Stay

If the Court finds exhaustion required, Defendant requests that it stay consideration of his motion pending expiration of the 30-day period on May 7, 2020. Dkt. #84 at 4, n.8. Although Defendant provides no statutory or legal authority in support of this request, the Court finds that a stay best favors the interests of judicial economy in this instance. *See United States v. Reid*, No. 17-CR-00175-CRB-1, 2020 WL 1904598, at *4 (N.D. Cal. Apr. 18, 2020) (staying compassionate release motion pending exhaustion). Accordingly, the Court will act on Mr. Route's petition once it has jurisdiction to do so, on May 7, 2020. The parties shall inform the Court immediately if the BOP acts on Mr. Route's request.

### IV.   CONCLUSION

For the reasons set forth above, Mr. Route's motion for compassionate release, Dkt. #78, is STAYED until May 7, 2020, or until Mr. Route has otherwise complied with the exhaustion requirements of § 3582(c)(1)(A).

Dated this 29th day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER STAYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 9