UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID ROUTE,<br><br>            Defendant. | CASE NO. CR17-302-RSM<br><br>ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE |

## I.      INTRODUCTION

This matter comes before the Court on its previous order staying Defendant David Route's Emergency Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #86. Plaintiff United States of America ("the Government") has opposed Defendant's motion. Dkt. #82. The Court finds oral argument unnecessary to rule on this motion. Having considered the Motion, the Government's Response, Defendant's Reply, and the remainder of the record, the Court DENIES Mr. Route's motion for compassionate release.

## II.     BACKGROUND

A full summary of this case is not necessary given this Court's previous order on Mr. Route's motion for compassionate release. Dkt. #86. On December 11, 2018, the Court sentenced Defendant to 96 months in custody to run concurrently with 24 months in custody for violations

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 1

of supervised release conditions, *see* CR09-356-RSM, with three years of supervised release to follow. Dkt. #61. Mr. Route's projected release date is July 28, 2024. Dkt. #79 at ¶ 7.

Over the past months, public understanding of the COVID-19 virus and its corresponding risks to inmates and staff at Bureau of Prison ("BOP") facilities have evolved. The U.S. Centers for Disease Control and Prevention has continued to update its guidance on the coronavirus, advising that certain populations are at heightened risk of severe complications and/or death if they contract COVID-19. These populations include individuals over the age of 65 and those with chronic medical conditions, including moderate to severe asthma, serious heart conditions, liver disease, and immunocompromised patients. *See* U.S. Ctrs. for Disease Control and Prevention, (April 15, 2020), *Coronavirus Disease 2019-COVID*, *People who are at higher risk for severe illness,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last reviewed May 7, 2020) ("CDC Guidelines").[1]

In response to public health officials' warnings about the spread of COVID-19 and the risk of severe complications in certain populations, all levels of government have implemented widespread "social distancing" measures. *See, e.g.*, W.D. Wash. Gen. Order No. 07-20 (April 14, 2020) (continuing all in-person proceedings scheduled to occur before July 1, 2020). On March 26, 2020, the U.S. Attorney General issued guidance to the Director of the BOP for transferring certain at-risk inmates to home confinement, including those who are non-violent and pose minimal likelihood of recidivism. Dkt. #78 at 3-4. In this memorandum, the U.S. Attorney

---

[1] Pursuant to Fed. R. Evid. 201(c)(1), the Court takes judicial notice *sua sponte* of public records related to the COVID-19 health crisis, including documents available through government agency websites. *Gustavson v. Wrigley Sales Co.*, No. 12-CV-01861-LHK, 2014 WL 60197, at *3 (N.D. Cal. Jan. 7, 2014).

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 2

General listed age and vulnerability of the inmate based on the CDC Guidelines as discretionary factors for the BOP to consider.

On April 7, 2020, Mr. Route filed a BP-9 application with the Bureau of Prisons ("BOP") staff for a reduction in his sentence in light of the COVID-19 health crisis. Dkt. #79 at 4-5. On April 16, 2020, Mr. Route moved this Court to grant him compassionate early release to supervised release pursuant to 18 U.S.C. § 3582(c)(1). Dkt. #78. At the time of filing the instant motion, BOP had not responded to Mr. Route's April 7 request. Dkt. #79 at ¶ 3. Finding that Defendant failed to exhaust his administrative remedies, this Court stayed Mr. Route's motion until May 7, 2020 or until such a time that he exhausted his administrative remedies. Dkt. #86. Given that thirty days have now elapsed since he submitted his request to the warden, Mr. Route has satisfied the exhaustion requirements in 18 U.S.C. § 3582(c)(1). Accordingly, the Court will address the merits of his motion.

### III.   DISCUSSION

**A. Legal Standard**

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release:

> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with

> or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) *the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id*.

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 4

>   (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>   (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. Given that Mr. Route is 32 years old, only sections (1)(A), (2), and (3) of the Sentencing Commission's policy statement are relevant to his motion. Thus, under the policy statement, Mr. Route is entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement. *See* USSG § 1B1.13(1)(A), (2), (3).

The Sentencing Commission's application notes to this policy statement provide further guidance. Application Note 1 to USSG § 1B1.13 provides that "extraordinary and compelling reasons" for a sentence reduction exist when:

>   (A) Medical Condition of the Defendant.
>
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
>   (ii) The defendant is—
>
>   (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG 1B1.13 cmt. n.1(A). The application note also addresses family circumstances and circumstances involving defendants who are at least 65 years old. *See id.* at n.1(B)-(C). Neither of these circumstances are applicable to Mr. Route's motion. Furthermore, subpart (D) provides

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 5

a catch-all provision for "other reasons" that may exist as determined by the Director of the BOP. *Id.* at n.1(D). Mr. Route does not contend that the Director of BOP has determined that an extraordinary or compelling reason for a sentence reduction exists here.

**B. Extraordinary and Compelling Reasons**

Defendant bears the burden of establishing that extraordinary and compelling reasons exist that justify compassionate release. *Riley v. United States*, No. C19-1522 JLR, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020). Here, Mr. Route argues that the general seriousness of the COVID-19 pandemic poses such an extraordinary and compelling circumstance for early release of "at least certain defendants." Dkt. #78 at 10. Defendant's motion and reply brief do not identify any risk factors placing him at higher risk for severe illness from the virus. Furthermore, as of May 7, 2020 no inmates or staff at FCI Herlong have tested positive for COVID-19. *See* Federal Bureau of Prisons, Covid-19 Cases, https://www.bop.gov/coronavirus/ index.jsp (last visited May 7, 2020). Instead, Defendant argues that the COVID-19 pandemic, in general, constitutes an "extraordinary and compelling circumstance" necessitating his immediate release. *See* Dkt. #84 at 5-6. This Court has previously rejected this generalized argument. *See Riley*, 2020 WL 1819838, at *7 (Concluding that "extraordinary and compelling" circumstances are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists.").

On May 7, 2020, Mr. Route filed supplemental authority claiming that he suffers from hypertension. Dkt. #87. Attached in support of this claim is Mr. Route's "Vitals All" records excerpted from the BOP's medical records. *See* Dkt. #89. As an initial matter, Defendant's counsel offers no explanation for the delay in raising this argument, despite the fact that the CDC listed hypertension as a risk factor for severe illness no later than April 17, 2020. *See People at*

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 6

*Risk for Serious Illness from COVID-19*, Centers for Disease Control and Prevention, (April 17, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (listing risk factors for severe illness from COVID-19). Furthermore, even if the Court considers these supplemental records, it cannot conclude without any medical diagnosis that Mr. Route suffers from a condition that places him at high risk for severe illness from COVID-19. Defendant's counsel argues that "[b]eginning on July 31, 2017, Mr. Route's blood pressure readings indicate he suffers from stage 1 hypertension." Dkt. #87 at 3. Counsel bases this conclusion on a report from the American College of Cardiology revising its definition of high blood pressure from 140/90 mm Hg to 130/80 mm Hg, and the fact that Mr. Route's transcripts show "eight readings in the 130s from 2017 to 2019." *See id.* However, the BOP transcripts make no mention of a diagnosis of hypertension, nor can the Court find any reference to a hypertension diagnosis in Mr. Route's sentencing materials from November 2018. In effect, Defendant's supplemental brief asks the Court to make an independent medical diagnosis based solely on its review of Mr. Route's vitals and counsel's interpretation of those vitals. The Court declines to do so. For this reason, the information contained in Defendant's May 7, 2020 supplemental brief is insufficient to satisfy Defendant's burden of demonstrating extraordinary and compelling reasons for release.

While the Court does not discount the dangers associated with COVID-19 at a facility like FCI Herlong, Mr. Route has presented insufficient evidence to show that he is at higher risk to suffer the more severe effects of the virus or that he otherwise suffers from a "serious physical or mental condition . . . that substantially diminishes" his "ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover." USSG §

1B1.13, cmt. n.1(A)(ii).  Accordingly, the Court cannot conclude that Mr. Route has demonstrated extraordinary and compelling reasons to reduce his sentence.

### C. Danger to Others or the Community

The Court finds that denial of Mr. Route's motion is appropriate on the independent basis that he has not shown that he poses no danger to others or to the community.  *See* USSG § 1B1.13(2).  In making this determination, a court looks to the nature and circumstances of the defendant's underlying offense, the weight of evidence against him or her, his or her history and characteristics, and the nature and seriousness of the danger his or her release would pose to any person or the community.  *See* 18 U.S.C. § 3142(g).

Here, Mr. Route was convicted of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and sentenced to 96 months in custody to run concurrently with 24 months in custody for violations of supervised release conditions.  Dkt. #61.  Defendant contends that he poses no risk to the community given that his prior drug and firearm convictions are "non-violent."  Dkt. #84 at 5-6. The Court disagrees.  The incident that resulted in Mr. Route's current conviction occurred in July 2017, during his supervised release, when he was arrested for unlawful possession of two firearms—including one sold to another felon.  The Court cannot reasonably conclude that Mr. Route's persistent involvement with firearms and his repeated violations of supervised release conditions pose no danger to others or the community.  Furthermore, while Defendant argues that his behavior in prison supports his request for early release, *see* Dkt. #78 at 11, his prison disciplinary record reflects numerous infractions dated as recently as June 2019. *See* Dkt. #82-1. For these reasons, the Court is not persuaded that the remaining factors referenced in Defendant's motion, such as his release plan to live with his sister, support from extended family, and ability to return to prior employment, would meaningfully mitigate his continuing danger to others and

ORDER DENYING DEFENDANT'S
EMERGENCY MOTION FOR
COMPASSIONATE RELEASE - 8

the community. *See* Dkt. #78 at 11. On this independent ground, the Court finds denial of release appropriate.

### D. Reduction Consistent with USSG Policy Statement

Having found that that Mr. Route has failed to demonstrate (1) extraordinary and compelling reasons warranting compassionate release or (2) that he poses no danger to others or to the community, the Court need not consider whether a sentence reduction would be consistent with the Sentencing Commission's policy statement. *See* 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13.

### IV. CONCLUSION

For the reasons set forth above, Mr. Route's motion for compassionate release, Dkt. #78, is DENIED.

Dated this 8th day of May, 2020

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE